UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY VELLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDGAR CLARK, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01402-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY DEPOSITION AND COMPEL DISCOVERY REQUEST<br><br>[ECF No. 28] |

　　　　Plaintiff John Anthony Vella is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On October 16, 2014, Plaintiff filed a motion to stay scheduled deposition and compel discovery. Defendants filed an opposition on October 17, 2014.

　　　　Pursuant to Local Rule 230(l), which governs motions filed in this action allows opposition to a motion to be filed not more than twenty one days after the motion is served, and permits the moving party to file a reply to the opposition not more than seven days after the opposition has been filed. Although the time to file a reply to Defendants' opposition has not yet expired, due to the time sensitive nature of Plaintiff's request because of the impeding deposition, and the fact that the motion can be resolved, as a matter of law, the Court will not await the time frame to file a reply.

///

1

In his motion, Plaintiff seeks to stay the noticed deposition by Defendants and compel discovery responses. Plaintiff's motion must be denied.

Plaintiff fails to show good cause to stay his duly noticed deposition. Plaintiff seeks to stay the discovery to allow the parties to conduct a Rule 26(f) meet and confer and allow him time to obtain counsel to represent him at the deposition. Plaintiff's request cannot be granted. First, as set forth in the Court's discovery and scheduling order, the instant case is exempt from the Rule 26(f) meet and confer obligation. (See ECF No. 17, at ¶ 4.) In addition, Plaintiff is not entitled to have counsel appointed to represent him at his deposition because it is well established that "there is no absolute right to counsel in civil proceedings[,] Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994), and the court's authority to appointment counsel at its discretion is limited to the showing of exceptional circumstances. 28 U.S.C. § 1915(e)(1). In this case, Plaintiff has been able to articulate his claims pro se and litigate this lawsuit on his own, in part because it is not a complex case. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (denying appointment of counsel where the plaintiff did not experience any difficulty in litigating his case due to the complexity of the issues involved.)

Further, the deposition is currently scheduled for October 22, 2014,[1] as the discovery deadline imposed in this case is December 15, 2014, and Plaintiff must be given at least fourteen days notice before his deposition can be taken. (ECF No. 17, ¶¶ 3, 7.) As Defendants submit, all discovery, including any motions to compel must be complete by the December 15, 2014, deadline.

Moreover, to the extent Plaintiff seeks to compel discovery responses prior to the taking of his deposition and prior to the response date set forth by the Federal Rules of Civil Procedure, Plaintiff's request must be denied. Defendants submit that Plaintiff served requests for admissions and document requests to Defendants Clark and Gray on September 29, 2014, and October 6, 2014, respectively. (Nguyen Decl., ¶ 3.) The responses to the requests are not due until October 29, 2014, and November 6, 2014, respectively. Plaintiff provides no authority or justification for compelling Defendants to

---

[1] Defense counsel submits that due to the lack of availability of the video conference room at Corcoran State Prison, Defendants had to move and renotice the date of the deposition from October 16, 2014, to October 22, 2014. (Declaration of Kenny Nguyen (Nguyen Decl.), at ¶ 2, ECF No. 29.)

1 respond to the discovery requests prior to the deadline simply because the requests were served after
2 the deposition was noticed and prior to the time he is to be deposed.
3      Based on the foregoing,
4      IT IS HEREBY ORDERED that Plaintiff's motion to stay his noticed deposition and compel
5 discovery responses prior to the due dates is DENIED.

7 IT IS SO ORDERED.

8 Dated: **October 20, 2014**
9                                              UNITED STATES MAGISTRATE JUDGE