UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY VELLA, | Case No.: 1:12-cv-01402-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL |
| EDGAR CLARK, et al., | [ECF No. 23] |
| Defendants. | |

Plaintiff John Anthony Vella is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 16, 2015, Plaintiff filed a second motion for the appointment of counsel. The Court previously denied Plaintiff's request for counsel finding no exceptional circumstances. (ECF No. 23.) As previously advised, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff requests appointment of counsel because he is indigent, has limited access to the law library, has limited experience, and the issues involved in the case are complex.

Here, the Court finds that the Plaintiff has not established either the likelihood of success on the merits or an inability to articulate his claims. Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Plaintiff alleges an Eighth Amendment claim against several defendants for denying him appropriate medical attention. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. Further, the hardships faced by Plaintiff due to incarceration such as limited access to the law library does not establish exceptional circumstances. Indeed, the reasons set forth by Plaintiff are indistinguishable from the reasons asserted by most incarcerated plaintiffs. The fact that a pro se litigant would be better served with the assistance of counsel, does not qualify as exceptional circumstances to warrant counsel. Rand, 113 F.3d 1520, 1525 (9th Cir. 1997). Accordingly, Plaintiff second motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **April 17, 2015**

UNITED STATES MAGISTRATE JUDGE